IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL S. HANCOCK**                                                      **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO: 3:10-CV-173 -LRA**

**JOSEPH COTHERN AND**
**SHERIFF JAMES NEWMAN, Individually and in His Official**
**Capacity as Sheriff of Franklin County**                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

THIS CAUSE is before the Court on the Motion to Dismiss Based on Qualified Immunity, ECF No. 48, filed August 23, 2010, by Defendant Sheriff James Newman, and Plaintiff Michael S. Hancock's "Motion in Opposition," ECF No. 54, filed September 27, 2010.[1] The Court has considered all the pleadings filed in this case and Plaintiff's sworn testimony given at the omnibus hearing,[2] and the applicable law. This review compels the Court to find that the motion is meritorious and should be granted.

**I.**     **Facts & Procedural History**[3]

Hancock's sworn testimony at the omnibus hearing reveal the following relevant facts: On April 27, 2007, Plaintiff was arrested on Highway 98 East in Amite County for the robbery of the Midway Grocery in Franklin County. After the robbery, Hancock ran

---

[1] Defendant Joseph Cothern has not yet been served with process.

[2] ECF No. 55-1, Transcript of omnibus hearing conducted 8/9/2010.

[3] The facts are presented in the light most favorable to Plaintiff, and they largely come from Plaintiff's testimony and pleadings.

into the woods and hid for many hours; he was ultimately arrested by Constable Joe Springs when he tried to steal a woman's car.[4]  Soon thereafter, both Defendants arrived in separate patrol cars.  Plaintiff was handcuffed, and Sheriff Newman directed Defendant Cothern to take Plaintiff to his patrol car and transport him to the Sheriff's office.  When they reached his car, Defendant Cothern hit him in the head with a mag light.  A few minutes later, Defendant Sheriff Newman came to the car and Plaintiff told the Sheriff that Defendant Cothern just hit him.

En route to the Sheriff's office, Defendant Cothern stopped at Midway Grocery.  Plaintiff heard him say "[l]ook what I've caught for ya'll."  Defendant Cothern opened the rear door to the cruiser and sprayed mace in his face and struck him in the back with his flashlight.  After talking with the owners, Defendant Cothern ordered Hancock to hang his head out the window; he complied, and Defendant Cothern maced him again.  Once he arrived at the Sheriff's office, Deputy Tony Rouse administered treatment to Plaintiff for the effects of the mace.[5]

Plaintiff testified that he asked Sheriff Newman for medical care the next day, but the sheriff refused to get him treatment.  Plaintiff had headaches during the next two weeks.  After two weeks, he was moved to the Liberty Police Department and received medical

---

[4]ECF No. 55-1, p. 20.

[5]ECF No. 1, p. 5.

treatment. Plaintiff testified that he had no long-lasting or permanent injuries as a result of the incident.[6]

Plaintiff testified that he was suing Defendant Cothern in his individual capacity only; he was suing Defendant Sheriff Newman in both his individual and official capacity. He testified that he was charging Defendant Cothern with excessive force; he was charging Sheriff Newman with denial of medical--but not with excessive force. Specifically, Plaintiff testified that he was charging Sheriff Newman with:

> A. Mere negligence of the tort of assault and battery and the denial of medical care. Also, your Honor, I've asserted a violation of the Fourth Amendment of the United States, specifically the due process clause, that is directed at defendant Newman. Defendant Cothern, I'm ---- I'm asserting a Fourth Amendment violation of the United States Constitution to the reasonableness clause.[7]

## II.   Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery

---

[6] ECF No. 55-1, p. 13. When asked by the undersigned if he suffered permanent injuries, Plaintiff responded: "No, ma'am, no --- not physically. No, ma'am."

[7] ECF No. 55-1, p. 8.

and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

**III.    Analysis**

The issue before the Court is not whether Hancock's constitutional rights were violated, but whether Sheriff Newman, who did not assault Hancock, is entitled to qualified immunity from Plaintiff's claim. Additionally, is Sheriff Newman entitled to qualified immunity as to Hancock's claims regarding his medical care?

Qualified immunity is a shield from individual liability for "government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It protects "'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

A plaintiff has the burden to rebut the defense of qualified immunity once it has been asserted.  *Hampton v. Oktibbeha County Sheriff Dep't,* 480 F.3d 358, 363 (5th Cir. 2007). However, the Court will view the evidence in the light most favorable to the plaintiff. *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

The Court uses a two step analysis to determine whether the Defendant is entitled to summary judgment on the basis of qualified immunity.  First, has the plaintiff alleged the violation of a clearly established constitutional right?  *Thompson v. Upshur County, Tx.,* 245 F.3d 447, 457 (5th Cir. 2001) (citations omitted).  Second, if a violation has been alleged, the court must determine "'whether [the officers'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'" *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (quoting *Freeman v. Gore,* 483 F.3d 404, 411 (5th Cir. 2007)).  It is within the lower court's discretion to decide which prong of the qualified immunity analysis to address first.  *Collier*, 569 F.3d at 217 (quoting *Pearson v. Callahan,* 129 S.Ct. 808, 818 (2009)).

Using this analysis, the Court finds that Sheriff Newman is entitled to qualified immunity as to all of Plaintiff's claims.  The assault was allegedly committed by Defendant Cothern, and Sheriff Newman played no role in assaulting Plaintiff.  Although Plaintiff makes some generalized statements regarding Sheriff Newman's "inactions" to effectively

prevent Defendant Cothern from imposing any further "unjust actions,"[8] his testimony confirms that he actually charges Sheriff Newman with negligent acts in regard to both the assault and to his medical care. When asked whether he was charging Sheriff Newman with excessive force, Plaintiff responded:

>    A.   No, ma'am.
>
>    Q.   Okay.
>
>    A.   Mere negligence of the tort of assault and battery and the denial of medical care. ...[9]

Since Plaintiff's factual assertions against Sheriff Newman are those of negligence, he has alleged no constitutional violation under the applicable law. His claims regarding his medical care do not rise to the level of a constitutional violation under *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). And, there is no supervisory liability regarding the alleged assault by Defendant Cothern. *Ashcroft v. IQBAL, et al*, 129 S.Ct. 1937, 1948 (2009) (Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory).[10]

---

[8]ECF No. 1, p. 6.

[9]ECF No. 55-1, p. 8.

[10]"There is no vicarious or respondeat superior liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation."

To overcome a properly supported motion for summary judgment, a plaintiff seeking recovery from a police officer must tender evidence establishing misconduct that exceeds mere negligence.  *Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir. 1992).[11] Plaintiff fails to do so, and "there is no necessity for further inquiries concerning qualified immunity."  *Saucier v. Katz*, 533 U.S. 194, 197-98 (2001).  No constitutional violation has been alleged under the first prong, and Defendant Sheriff Newman is immune from this suit and should be dismissed.

## IV.   Conclusion

The Court finds that there are no genuine issues as to any material fact regarding the claims against Defendant Sheriff Newman, and he is entitled to a judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure.

THEREFORE, it is hereby ordered that Defendant's Motion for Summary Judgment, ECF No. 48, is GRANTED, and Sheriff James Newman is dismissed with prejudice.  The

---

[11] In support, the Court cited *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989) (summary judgment appropriate when plaintiff's evidence, at most, showed mere negligence in investigating facts before obtaining arrest warrant); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1998) (summary judgment appropriate when plaintiff's evidence merely established that defendants were negligent in conducting post-arrest investigation and in failing to inform district attorney's office of exculpatory evidence); *Daniel v. Williams*, 474 U.S. 327 (1986)  (negligent acts of official do not amount to deprivation of due process).

case may proceed against Defendant Joseph Cothern if service of process can be obtained on him.[12]

      SO ORDERED, this the 9th day of November, 2010.


                              /s/ Linda R. Anderson
                         UNITED STATES MAGISTRATE JUDGE

---

[12] The Court has directed the United States Marshal to attempt to serve process on Defendant Cothern pursuant to 28 U.S.C. section 1915(d). Plaintiff is advised that if the summons cannot be served at the address provided by defense, it is Plaintiff's ultimate responsibility to find a current address for Defendant Cothern and cause process to be served on him. The failure to have Defendant Cothern served may result in the dismissal of the Complaint against him.